IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SAMMY JOE ROSS,                                                                         PETITIONER

v.                                                                                         No. 3:05CV112-B-A

LEPHER JENKINS, ET AL.                                                  RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the September 14, 2005, *pro se* petition of Mississippi prisoner Sammy Joe Ross for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved February 14, 2006, to dismiss the petition as untimely filed. The petitioner responded February 24, 2006. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

Sammy Joe Ross was convicted of one count of rape in the Circuit Court of Tippah County, Mississippi. He was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. On July 22, 1992, the Mississippi Supreme Court affirmed his conviction and sentence. *Ross v. State,* 605 So. 2d 17 (Miss. 1992) (Cause No. 89-KA-0069). The petitioner did not pursue a petition for writ of *certiorari* to the United States Supreme Court. The petitioner filed an Application For Leave To File Motion For Post-Conviction Collateral Relief" in the Mississippi Supreme Court on June 22, 2005. The application was denied by the Mississippi Supreme Court on August 4, 2005. The petitioner filed an application seeking leave to pursue post-conviction relief on July 28, 1995. The supreme

court denied that application as untimely filed. The petitioner signed the instant petition for a writ of *habeas corpus* September 8, 2005, and the court received it on September 14, 2005.

## Discussion

The petitioner did not pursue a petition for writ of *certiorari* in the United States Supreme Court by the deadline of ninety days from July 22, 1992, the date the Mississippi Supreme Court affirmed the petitioner's direct appeal. Rule 13(1), Rules of the United States Supreme Court (ninety-day deadline to file writ of *certiorari*). The petitioner's conviction thus became final when the time for seeking *certiorari* review expired, ninety days after the Mississippi Supreme Court affirmed the petitioner's direct appeal. *Id.* Accordingly, Ross' conviction became final on October 20, 1992 (July 22, 1992 + ninety days). The Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective April 24, 1996 – and instituted a one-year limitations period for filing a petition for a writ of *habeas corpus* in federal court. 28 U.S.C. § 2244(d)(2). Thus, the deadline for the petitioner to have filed his federal petition was April 24, 1997. *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002) (deadline for petitions addressing convictions that became final prior to effective date of AEDPA is April 24, 1997). While this period of limitation can be tolled during the pendency of state post-conviction proceedings, 28 U.S.C. § 2244(d)(2), the petitioner did not even attempt to initiate such proceedings until June 22, 2005 – 2,981 days after that deadline. Obviously, a state post-conviction proceeding cannot toll a limitations period long expired.

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196

F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Therefore, the instant petition was filed sometime between the date it was signed on September 8, 2005, and the date it was received and stamped as "filed" in the district court on September 14, 2005. Giving the petitioner the benefit of the doubt by using the earlier filing date, the petition was nevertheless filed 3,059 days after the April 24, 1997, federal deadline. The petitioner does not cite any rare and exceptional circumstance to warrant equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 24th day of May, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE